# EXHIBIT 2

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff,*
Michelle Adame

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 27 2017

Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

Kazerouni Law Group, APC
Costa Mesa, California

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

**MICHELLE ADAME, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**v.**

**AMERICAN HONDA FINANCE CORPORATION,**

**Defendant.**

**Case No.:** BC 6 4 8 4 8 8

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**

**JURY TRIAL DEMANDED**

By Fax

## INTRODUCTION

1. MICHELLE ADAME ("Plaintiff" or "Ms. Adame") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant AMERICAN HONDA FINANCE CORPORATION ("Defendant" or "AHFC") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular

Kazerouni Law Group, APC
Costa Mesa, California

telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an

invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims under the Telephone Consumer Protection Act.

6. Venue is proper in the because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California, as it conducts business there and the unlawful conduct alleged herein occurred in this jurisdiction.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, County of Los Angeles. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and used in 47 U.S.C. § 227(b)(1)(A).

8. Plaintiff is informed and believes, and thereon alleges, that American Honda Finance Corporation is a California corporation with its principal place of business in Torrance, California. As a corporation, Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. AHFC, which commenced operations in 1980, is in the business of offering financing for automobile loans, and administers vehicle service contracts sold by Honda dealers throughout the United States.

10. AHFC is a wholly owned subsidiary of American Honda Motor Co.

11. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and within the County of Los Angeles.

## FACTUAL ALLEGATIONS

12. Beginning in or around June of 2014 and continuing through approximately August of 2016, Plaintiff began receiving numerous telephone calls on her cellular telephone ending in "2234" from Defendant where Defendant used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. §

Kazerouni Law Group, APC
Costa Mesa, California

227(a)(1), and an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

13. Upon information and belief, these calls were for purposes of attempting to collect an alleged debt allegedly owed to Plaintiff's father.

14. Upon information and belief, Plaintiff's cellular telephone number is not listed on the loan application with Defendant that was completed by Plaintiff's father.

15. On at least one occasion, Ms. Adame orally revoked any consent that AHFC may have had to call Ms. Adame and her father on their cellular telephone numbers, yet Defendant continued to call Plaintiff and Plaintiff's father on their cellular telephone numbers.

16. On at least some of the calls, a prerecorded voice message was left on Plaintiff's voicemail.

17. According to a filing in 2015 with the Securities and Exchange Commission, Defendant uses "an automated dialer system that prioritize collection efforts, generate past due notices, and signal our collections personnel to make telephone contact with delinquent customers."

18. Upon information and belief, the telephone equipment used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator

19. According to an online job posting by a former employee of Defendant, the telephone equipment used by Defendant is capable of predictive dialing.

20. Upon information and belief, the telephone equipment used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

21. Plaintiff's cellular telephone number, and also the cellular telephone number for Plaintiff's father, are listed under Plaintiff's account for wireless service from major wireless carrier.

Kazerouni Law Group, APC
Costa Mesa, California

22. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. These telephone calls from Defendant were unwanted by Plaintiff.

24. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

25. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that, Defendants interrupted and harassed Plaintiff with numerous unwanted calls using an ATDS and/or artificial or prerecorded voice.

26. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance, lost time and reduced cell phone battery life.

27. The telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28. Plaintiff did not provide Defendant or its agent prior express consent to receive calls to her cellular telephone, including by means of an ATDS and/or artificial or prerecorded voice message, pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

29. These telephone calls by AHFC, or its agent, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

31. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filling of the Complaint.

32. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds, if not substantially more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33. This civil action may be properly maintained as a class action pursuant to the provisions of Code of Civil Procedure, Section 382 and Civil Code, Section 1781 because there is a well-defined community of interest in the litigation and the proposed class is readily ascertainable.

34. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS and/or artificial or prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

35. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

Kazerouni Law Group, APC
Costa Mesa, California

36. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

37. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents made prerecorded calls to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or prerecorded voice to any telephone number assigned to a cellular phone service;

b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

38. As a person that received at least one call utilizing an ATDS and/or artificial or prerecorded voice message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

39. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size

Kazerouni Law Group, APC
Costa Mesa, California

of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

40. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

41. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

42. In this case, a class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the plaintiff Class is impractical. Furthermore, as the damages or injuries suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or practically impossible for individual members of the Class to adequately redress the wrongs done to them. The cost to the court system for adjudication of individualized litigation for the matters stated in this Complaint would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## First Cause Of Action
## Negligent Violations Of The Telephone Consumer Protection Act
## 47 U.S.C. § 227 *Et Seq.*

43. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

45. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

47. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

49. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- This case be certified as a class action with Plaintiff as class representative;
- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Attorneys' fees pursuant to CCP § 1021.5;
- Costs;
- Prejudgment interest; and,
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- This case be certified as a class action with Plaintiff as class reprcsentative;
- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Attorneys' fees pursuant to CCP § 1021.5;
- Costs;
- Prejudgment interest; and,
- Any other relief the Court may deem just and proper.

Kazerouni Law Group, APC
Costa Mesa, California

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 27, 2017

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ______________________
JASON A. IBEY, ESQ.
JASON@KAZLG.COM
ATTORNEYS FOR PLAINTIFF

Additional Plaintiff's Counsel

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022